FILED
MAR - 7 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| Plaintiff, | ) | 5:23 CR 133 |
| v. | ) | CASE NO.________ |
| | ) | Title 18, United States Code, Sections 1344(2), 1957 and 2 |
| JASON M. CUNNINGHAM, | ) | |
| Defendant. | ) | JUDGE NUGENT |

GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Company 1 was a corporation registered in Ohio. Company 1 provided products and services related to forklifts, commercial trucks, emergency vehicles, and warehouse equipment to its customers. It had locations in Akron, Ohio and Youngstown, Ohio.

2. Company 2 was a limited liability company registered in Ohio. Company 2 bought, sold, and leased forklifts and other material handling equipment to its customers. It had a location in North Canton, Ohio. Company 2 was a subsidiary of Company 1.

3. Company 3 was a trade name registered by Company 2 with the State of Ohio Secretary of State. Company 3 provided products and services related to the tires on forklift machines to its customers. It had a location in North Canton, Ohio.

4. Company 2 used a business checking account at FirstMerit Bank NA ("FirstMerit Bank"). The account number was XXXXXX0369.

5. FirstMerit Bank was a financial institution as defined in Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

6. In or around 2016, Huntington Bancshares Incorporated acquired FirstMerit Bank. Huntington Bancshares Incorporated owned Huntington National Bank. Huntington National Bank ("Huntington") was a financial institution as defined in Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

7. Company 2 used a business checking account at First National Bank of Pennsylvania ("First National Bank"). The account number was XXXX3973.

8. At all times material to this Indictment, First National Bank was a financial institution as defined in Title 18, United States Code, Section 20, the deposits of which were insured by the FDIC.

9. On or about June 22, 2015, Company 1 hired Defendant JASON M. CUNNINGHAM as Vice President of Operations. Defendant's employment contract required that he devote his working time, skill and experience to advancing and rendering profitable the interest of Company 3.

10. Company 3 purchased forklift tires from various sources. Company 3 sold those tires and changed them onsite for its customers. One of the sources from which Company 3 purchased and acquired forklift tires was Company 4.

11. Company 4 was a company located in Ontario, Canada. Company 4 sold and shipped forklift tires to its customers.

12. At Company 3, Defendant had the ability to order product, including tires; to receive inventory, including tires; and to approve invoices from Company 3's suppliers, to be paid by Company 3 and Company 2.

COUNT 1
(Bank Fraud, 18 U.S.C. §§ 1344(2) and 2)

The Grand Jury charges:

13. The factual allegations of paragraphs 1 through 12 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

The Scheme and Artifice to Defraud

14. From on or about April 17, 2018, to the present, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant JASON M. CUNNINGHAM did knowingly execute and attempt to execute a scheme and artifice to obtain money, funds, credits, and assets under the custody and control of FirstMerit Bank, First National Bank, and Huntington by means of false and fraudulent pretenses, representations, and promises, including by:

a. establishing Industrial Tire and Wheel LLC ("Industrial Tire and Wheel") as a shell company to mark-up prices for products that Company 3 received from Company 4 and to charge Company 3 for products that Company 3 never received;

b. ordering tires from Company 4 and having them delivered to Company 3;

c. directing Company 4 to send invoices for the tires to Industrial Tire and Wheel;

d. causing Company 3 and Company 2 to pay fraudulently increased prices for tires;

e. causing Company 3 and Company 2 to pay for tires that were never received;

f. causing Company 3 and Company 2 to pay for tire liners that were never received;

g. causing Company 3 and Company 2 to pay for wheels that were never received;

h. causing Company 3 and Company 2 to pay fraudulently increased prices for other tires and parts; and

i. causing Company 3 and Company 2 to pay for other tires and parts that were never received.

Acts in Furtherance of the Scheme and Artifice

15. The acts performed and caused by Defendant in furtherance of the scheme and artifice, in the Northern District of Ohio, Eastern Division, and elsewhere, included, but were not limited to, the following:

a. From on or about July 12, 2018 to on or about June 24, 2019, Defendant, acting as a representative of Company 3, placed and caused to be placed orders for tires from Company 4.

b. From on or about April 17, 2018 to on or about July 10, 2019, Defendant caused Company 4 to send approximately 13 invoices to Industrial Tire and Wheel.

c. From on or about April 17, 2018 to on or about July 19, 2019, Defendant sent and caused to be sent invoices to Company 3 from Industrial Tire and Wheel for:

i. tires, at fraudulently marked-up prices,

ii. tires that were never delivered,

iii. tire liners that were never delivered,

iv. wheels that were never delivered,

v. other tires and parts, at fraudulently marked-up prices, and

vi. other tires and parts that were never delivered.

d. From on or about April 17, 2018 to on or about July 19, 2019, as Vice President of Operations at Company 3, Defendant approved and caused to be approved approximately 63 invoices, totaling approximately $1,159,426.31, from Industrial Tire and Wheel and fraudulently caused payments to be made from Company 2's FirstMerit Bank, First National Bank, and Huntington accounts to Industrial Tire and Wheel's bank accounts.

e. Defendant caused Industrial Tire and Wheel to demand payment from Company 3 and Company 2 in the amount of approximately $765,778.00 above the approximate value of the products that Company 3 received from Company 4 and Industrial Tire and Wheel.

f. From on or about May 30, 2018 to present, Defendant transferred approximately $497,139 or more from Industrial Tire and Wheel's bank accounts to personal bank accounts and for personal expenditures.

All in violation of Title 18, United States Code, Sections 1344(2) and 2.

COUNTS 2-5
(Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity, 18 U.S.C. §§ 1957 and 2)

The Grand Jury further charges:

16. Paragraphs 1 through 15 of the Indictment are re-alleged and incorporated by reference as if fully set forth herein.

17. On or about the dates listed below, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant JASON M. CUNNINGHAM did knowingly engage and

attempt to engage in monetary transactions, as listed below, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344, to wit:

| Count | Date | Amount | Description |
|---|---|---|---|
| 2 | 10/15/2018 | $33,060.00 | Wired funds from the Industrial Tire and Wheel bank account ending in 1218 to Company 5. |
| 3 | 10/24/2018 | $33,060.00 | Wired funds from the Industrial Tire and Wheel bank account ending in 1218 to Company 5. |
| 4 | 10/28/2018 | $20,000.00 | Wired funds from the Industrial Tire and Wheel bank account ending in 1218 to Company 5. |
| 5 | 01/18/2019 | $11,412.82 | Wired funds from the Industrial Tire and Wheel bank account ending in 8055 to Company 6. |

All in violation of Title 18, United States Codes, Sections 1957 and 2.

FORFEITURE

The Grand Jury further charges:

18. The allegations of Counts 1 through 5 are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1) and (2). As a result of the foregoing offenses, Defendant JASON M. CUNNINGHAM, shall forfeit to the United States all property, constituting or derived from proceeds obtained directly or indirectly, as a result of the violation charged in Count 1; and, all

property, involved in the violation charged in Counts 2 through 5, or any property traceable to such property.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E Government Act of 2002.